[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2011
JOHN LEY
CLERK

No. 11-10634
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cr-00001-HL-CHW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRADFORD G. BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 13, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Bradford Brown appeals his convictions and sentences for one count of conspiracy to make false statements, 18 U.S.C. §§ 371, 1001, and four counts of making false statements, id. § 1001. Brown raises three issues on appeal: (1) the evidence at trial was insufficient to prove that he had the intent to deceive his probation officer when he gave her letters purporting to establish that he had a job offer; (2) the district court violated Federal Rules of Evidence 403, 608, and 609 when it allowed the government to cross-examine Brown regarding his false testimony about the revocation of his earlier term of supervised release; and (3) his sentence to a term of imprisonment for 36 months is unreasonable. We affirm.

The record contains ample evidence that Brown possessed the intent to deceive his probation officer. We must view the evidence in the light most favorable to the government. United States v. Friske, 640 F.3d 1288, 1290–91 (11th Cir. 2011). Every witness other than Brown testified that no job offer had been extended to him. The jury was entitled to disbelieve Brown, believe the other witnesses, and consider Brown's testimony as substantive evidence of his guilt. United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995). The record supports an inference that Brown prepared the letters about his purported job offer to create the false appearance that they were on official letterhead. Brown's repeated refusal to find work led his probation officer to inform him that she soon

2

would have to seek alternatives to his supervised release, which supports an inference that Brown had a motive to deceive her.

The district court also did not err when it allowed the government to cross-examine Brown about his revocation proceeding. The cross-examination was relevant to the central issue of Brown's credibility, did not implicate Rule 609, and was not unfairly prejudicial. The government also was entitled, under Rule 608, to use extrinsic evidence to impeach Brown's testimony.

Brown's sentence is also reasonable. The district court reasonably determined that an upward variance was necessary to satisfy the statutory sentencing factors, 18 U.S.C. § 3553(a), based on the seriousness of Brown's offense, Brown's enlistment of another in his crime and the sentence imposed on that other defendant, and Brown's criminal history. Brown's sentence is well below the statutory maximum term of 25 years. The district court did not abuse its discretion.

**AFFIRMED.**